UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD F. JACOBS,

                         **Plaintiff,**                       **No.** 5:15-cv-607 (FJS/ATB)

-against-                                             **COMPLAINT**

**ABSOLUTE RESOLUTIONS VI, LLC,**

                         **Defendant.**

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendant Absolute Resolutions VI, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Absolute Resolutions VI, LLC was an alleged consumer credit debt of Ronald F. Jacobs to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Ronald F. Jacobs ("Jacobs") is a natural person residing in the County of Cayuga at 3 Perrine Street, Auburn, New York 13021.

4. Upon information and belief, Defendant, Absolute Resolutions VI, LLC

("Absolute Resolutions"), is a foreign limited liability company organized pursuant to the laws of the State of California and is in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at 6602 El Cajon Blvd. #200, San Diego, California 92115.

5. Jacobs qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

### IV.    FACTUAL ALLEGATIONS

6. On or about June 11, 2014, Absolute Resolutions had served on Jacobs a collection summons and complaint brought in Auburn City Court, Auburn, Cayuga County, New York, entitled *Absolute Resolutions VI, LLC v. Ronald F. Jacobs*, CV-0961-14.

7. In the collection complaint Absolute Resolutions alleged that it was assigned an account by Capital One Bank (USA), N.A. on which Jacobs was liable.

8. Jacobs initially defended himself, *Pro se*, in the collection action, and duly interposed an answer in which he denied the allegations of the collection complaint and raised the defense of lack of standing.

9. Jacobs continued to represent himself in the collection action at the time a trial of the matter commenced. On the first day of trial, Absolute Resolutions failed to produce any witnesses, except that Absolute Resolutions' attorney called Jacobs as a witness, but Jacobs' testimony failed to prove any elements of Absolute Resolutions' collection case. Absolute Resolutions' attorney also attempted to introduce documents into evidence, but there was never a ruling on whether such documents were admissible.

10. Absolute Resolutions' attorney rested after examining Jacobs and attempting

2

to introduce the documentary evidence.  Jacobs raised the issue of lack of standing at the trial.

11.  Subsequent to resting his case, still at the first day of trial, Absolute Resolutions' attorney requested a continuance to produce further evidence, including a witness.  The continuance was granted to April 28, 2015.

12.  Jacobs retained an attorney to defend him prior to the continuance date, and Jacobs' attorney appeared on April 28, 2015, as did Absolute Resolutions' attorney, for the continuance of the trial.  Absolute Resolutions' attorney produced no witnesses at the continuance, and Jacobs' attorney moved for a dismissal of the collection case with prejudice, which was granted by City Court.

13.  Despite the fact that Jacobs raised the issue of standing in his answer and at the trial, Absolute Resolutions failed and was unable to prove that it had standing to prosecute the case, and failed and was unable to prove ownership of any account on which Jacobs was liable.  Thus, Absolute Resolutions failed to show that it had any legitimate basis on which to prosecute a collection action against Jacobs, and misrepresented that it owned the debt on which the collection action was based.

### V.  FIRST CLAIM FOR RELIEF

14.  Jacobs repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

15.  Absolute Resolutions violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Absolute Resolutions misrepresented in the collection

complaint that it owned, through assignment from Credit One Bank (USA), N.A., a credit card debt on which Jacobs was liable for $1,335.23, when in fact it could not prove that it was the owner of any such debt, or was ever assigned any such debt.

16. Absolute Resolutions violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Jacobs the character, amount and legal status of the alleged debt. Absolute Resolutions falsely represented in the collection complaint that it owned the alleged debt in the amount stated. In fact, Absolute Resolutions had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt. Absolute Resolutions also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

17. Absolute Resolutions violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Absolute Resolutions violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Jacobs in the collection complaint. Absolute Resolutions also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Absolute Resolutions to collect any amount from Jacobs with regard to any Credit One Bank (USA), N.A., credit card

4

account.

18.   As a result of the above violations of the FDCPA, Absolute Resolutions is liable to Jacobs for his actual damages for the cost of attorney fees in defending the lawsuit in Auburn City Court in the amount of $500, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $500.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

Dated: May 18, 2015

    Respectfully submitted,

    s/David M. Kaplan
    David M. Kaplan
    Attorney for Plaintiff
    2129 Five Mile Line Road
    Penfield, NY 14526
    585-330-2222
    dmkaplan@rochester.rr.com